IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| DAVID DeBOARD, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No.: 1:17-cv-1317 |
| | § | |
| SWITCH FLATS, LLC, | § | |
| TWG DEVELOPMENT, LLC, and | § | |
| LOFTUS ROBINSON, LLC, | § | |
| | § | |
| Defendants. | § | |

**PLAINTIFF'S ORIGINAL COMPLAINT**

Comes now David DeBoard, ("Plaintiff") alleges as follows:

**I.
INTRODUCTION**

1. Plaintiff David DeBoard brings this action against Switch Flats, LLC, TWG Development, LLC, and Loftus Robinson, LLC ("Defendants"), alleging violations of the Fair Housing Act, Title VIII of the Civil Rights Act of 1968, as amended by the Fair Housing Amendments Act of 1988 (FHA), 42 U.S.C. §§ 3601-3619 with regard to lack of accessibility at The Flats at Switch, 9 Municipal Drive, Fishers, Indiana 46038 (the "Property").

2. Plaintiff seeks monetary, declaratory and injunctive relief arising from violations of the accessibility requirements of the Fair Housing Act, Title VIII of the Civil Rights Act of 1968, as amended by the Fair Housing Amendments Act of 1988 (FHA), 42 U.S.C. § 3601-3619. The statute requires that certain apartment complexes built for first occupancy after March 13, 1991 be designed and constructed with accessible and adaptable features for people with disabilities.

3. Plaintiff is a handicapped individual that uses a wheelchair. He brings this civil rights action against Defendants for failing to design and/or construct apartments that are constructed with accessible and adaptable features for people with disabilities as required by the FHA. Defendants' apartment complex, The Flats at Switch, which is a multi-family dwelling and place of public accommodation, has numerous barriers to access. Therefore, Plaintiff seeks a declaration that Defendants' apartment complex violates federal law and an injunction requiring Defendants to comply with the requirements of the FHA. Plaintiff also seeks damages as permitted by federal law. Plaintiff further requests that, given Defendants' failure to comply with accessibility requirements more than 25 years after the effective date of the FHA accessibility requirements, the Court retain jurisdiction of this matter for a period to be determined to ensure that Defendants come into compliance with the relevant requirements of the FHA, and to ensure that Defendants have adopted and are following an institutional policy that will, in fact, cause Defendants to remain in compliance with the law.

4. Defendants' violations of the FHA have thwarted Congressional efforts to eradicate housing discrimination against people with disabilities, and rendered units and/or facilities unavailable to people with disabilities. Enforcement of the FHA against Defendants is necessary because of the extensive nature of the civil rights violations at apartments designed, constructed and/or owned by Defendants.

## II.
## JURISDICTION AND VENUE

5. This Court has federal question jurisdiction pursuant to 28 U.S.C. §1331 and 42 U.S.C. § § 3613(a).

6. Plaintiff's claims asserted herein arose in this judicial district and Defendants do substantial business in this judicial district.

7. Venue in this judicial district is proper under 28 U.S.C. §1391(b) and (c) in that this is the judicial district in which a substantial part of the acts and omissions giving rise to the claims occurred.

### III.
### PARTIES

8. Plaintiff, David DeBoard, is and, at all times relevant hereto, was a resident of the State of Indiana. Plaintiff is and, at all times relevant hereto, has been legally handicapped and is therefore a member of a protected class under the FHA.

9. Defendant, Switch Flats, LLC, is an Indiana limited liability company located at 333 N. Pennsylvania Street, Suite 100, Indianapolis, Indiana 46204, and may be served with process through its registered agent, CT Corporation, 150 West Market Street, Suite 800, Indianapolis, Indiana 46204. Upon information and belief, Defendant is the owner and participated in the design and construction of the Property.

10. Defendant, TWG Development, LLC, is an Indiana limited liability company located at 333 N. Pennsylvania Street, Suite 100, Indianapolis, Indiana 46204, and may be served with process through its registered agent, CT Corporation, 150 West Market Street, Suite 800, Indianapolis, Indiana 46204. Upon information and belief, Defendant was a builder and participated in the design and construction of the Property.

11. Defendant Loftus Robinson, LLC, is an Indiana limited liability company located at 129 East Market Street, Suite 1200, Indianapolis, Indiana 46204, and may be served with process through its registered agent, Kyle Robinson, 129 E. Market Street, Suite 1200, Indianapolis, Indiana 46204. Upon information and belief, Defendant was a developer and participated in the design and construction of the Property.

## IV.
## STATUTORY BACKGROUND

**A.    The FHA**

12.    Congress enacted the FHA design and construction accessibility requirements as part of a comprehensive revision of the FHA to prohibit discrimination on the basis of disability. The debates and legislative history of the FHA reflect Congressional findings that a person using a wheelchair or other mobility aid is just as effectively excluded from the opportunity to live in a particular dwelling by steps or thresholds at building or unit entrances and by too narrow doorways as by a posted sign saying "No Handicapped People Allowed." In considering the 1988 disability amendments to the FHA, Congress stressed that enforcement of civil rights laws is necessary to protect people with disabilities from the "devastating" impact of housing discrimination, including the "architectural barriers" erected by developers who fail to construct dwellings and public accommodations accessible to and adaptable by people with disabilities. HR. REP. NO. 100-711, at 25(1988), reprinted in 1988 U.S.C.C.A.N. 2173, 2186.

13.    In response to Congressional findings, the FHA mandated that every multi-family apartment building containing four (4) or more units and built for first occupancy after March 13, 1991 ("covered multi-family dwellings") be subject to certain design and construction requirements. Congress specifically rejected the approach of requiring only a specific number or percentage of units be fully accessible. Instead, Congress decided that all covered multifamily dwellings units must comply with the Act's design and construction requirements. All ground floor units must comply with the following requirements, as must all units served by an elevator:

   a.    Public-use and common-use areas that are readily accessible to, and usable by, people with disabilities;

      b.      Doors into and within covered units that are sufficiently wide to allow passage by people in wheelchairs;

      c.      An accessible route into and through the dwelling;

      d.      Light switches, electrical outlets, thermostats and other environmental controls in accessible locations;

      e.      Reinforcements in bathroom walls that allow for the later installation of grab bars; and

      f.      Usable kitchens and bathrooms such that an individual in a wheelchair can maneuver about the space.

Congress viewed the accessibility requirements imposed by § 3604(f)(3)(C) as "modest." It did not intend to impose "unreasonable requirements" or a "standard of total accessibility," but rather saw the "basic features" required by § 3604(f)(3)(C) as amounting to "minimal standards" that would be "easy to incorporate in housing design and construction. Furthermore, according to the House Report, the § 3604(f)(3)(C) requirements could be met without making new multi-family housing "look unusual" and without "significant additional costs."

      14.      Pursuant to Congressional authority, the United States Department of Housing and Urban Development ("HUD") promulgated final FHA design and construction regulations in January 1989, see 24 C.F.R § 100.205 (2008), and published the final Fair Housing Act Accessibility Guidelines on March 6, 1991 (hereinafter "FHAAG") which incorporates the requirements of the American National Standard for buildings and facilities providing accessibility and usability for physically handicapped people, A117-I-1986 (hereinafter "ANSI"),

see 56 Fed.Reg. 9472 (Mar. 6, 1991), and the Fair Housing Act Design Manual in August 1996, which was revised in August 1998.

## V.
## FACTUAL BACKGROUND

### A.   The "Property"

15.   The Flats at Switch is an apartment complex located at 9 Municipal Drive, Fishers, Indiana 46038 (the "Property"). The Property consists of approximately 102 total units. The Property is served by elevators.

16.   The Property described above was designed and constructed for first occupancy after March 31, 1991.

17.   The Property contains "covered multifamily dwellings" within the meaning of 42 U.S.C. § 3604 (f)(7).

18.   The covered multifamily dwellings at the Property are subject to the requirements of 42 U.S.C. § 3604 (f). These include all ground floor units and units served by elevators.

19.   The final certificate of occupancy for the Property was issued less than two years prior to the filing of this action.

### B.   Plaintiff's Investigation.

20.   Plaintiff was researching apartments in the Indianapolis area. Plaintiff visited the Property and was shown one or more potentially available apartments. Plaintiff observed that there were numerous accessibility problems that would interfere with his ability to navigate his wheelchair through the apartments and otherwise access the facilities.

21.   The existence of barriers and the lack of accessible features and adaptive design deterred Plaintiff from renting an apartment at the Property.

22. As a result of Defendants' non-compliance with the FHA, Plaintiff, unlike persons without disabilities, cannot independently use Defendants' apartments.

23. As a handicapped individual, Plaintiff is concerned whether rental units are accessible and adaptable for people with disabilities.

24. Plaintiff, or an agent of Plaintiff, intends to return to Defendants' apartments to ascertain whether they remain in violation of the FHA.

25. Plaintiff has been injured by Defendants' discriminatory practices and failure to design and/or construct apartments that are constructed with accessible and adaptable features for people with disabilities as required by the FHA. These injuries include being deterred from renting Defendants' apartments. These blatant violations effectively communicate that people with disabilities are not welcome in the "Property".

26. Without injunctive relief, Plaintiff and others will continue to be unable to fully access Defendants' Apartments in violation of their rights under the FHA.

**C.     FHA Violations.**

27. Defendants' violations of 42 U.S.C. § 3604(f)(3)(C) at the Property include, but are not limited to, those outlined below. These allegations represent just some of the evidence of a continuing pattern and practice of the Defendants' failure to design and construct covered units and the public and common use areas in accord with 42 U.S.C. §3604(f)(3)(C) and are not intended as an exhaustive inventory of such violations.

28. Defendants have failed to design and/or construct public and common-use areas that are readily accessible to and usable by people with disabilities in compliance with 42 U.S.C. § 3604(f)(3)(C)(i) and 24 C.F.R. §100.205(c)(1) (2008). For example:

    a.     there was no accessible route to the dog park;

      b.      the rooftop terrace and grilling areas were not accessible; and

      c.      the tenant mailboxes were inaccessible as the top rows of the mailboxes were all above the maximum reach range.

29.    Defendants have failed to design and/or construct accessible routes into and through all premises within covered dwellings in compliance with 42 U.S.C. § 3604(f)(3)(C)(iii)(I) and 24 C.F.R. § l00.205(c)(3)(i) (2008). For example:

      a.      There were excessively high thresholds installed at patio doors.

30.    Defendants have failed to design and/or construct usable kitchens and bathrooms such that an individual in a wheelchair can maneuver about the space in compliance with 42 U.S.C. § 3604(f)(3)(C)(iii)(IV) and 24 C.F.R. § l00.205(c)(3)(iv)(2008). For example:

      a.      Some units fail to provide adequate clear floor space for maneuvering at the vanities;

      b.      Kitchens lack requisite clear space at the sink; and

      c.      Some U-shaped kitchens fail to provide 60" minimum area to allow for turning and maneuvering.

31.    Further, by failing to provide the accessible and adaptable features required by 42 U.S.C. § 3604(f)(3)(C) at the Property for people with physical disabilities, including but not limited to those outlined above, Defendants have made dwellings unavailable to people with physical disabilities in violation of 42 U.S.C. § 3604(f)(1) and/or have discriminated against them in the terms, conditions or privileges of the rental of dwellings in violation of 42 U.S.C. § 3604(f)(2).

## VI.
## CAUSE OF ACTION
### For violation of the FHA, 42 U.S.C. § 3601, et seq.

32. The allegations in the preceding paragraphs are incorporated by reference.

33. The Property contains residential apartment units that are "dwelling[s]" within the meaning of 42 U.S.C. § 3602(b).

34. At the Property, all ground-floor units and upper floor units served by elevators not in townhomes are "covered multifamily dwellings" within the meaning of 42 U.S.C. § 3604(f)(7)(A), were built for first occupancy after March 13, 1991, and are subject to the design and construction requirements set forth in 42 U.S.C. § 3604(f)(3)(C) of the FHA. The public- and common-use areas of the Property are also subject to the design and construction requirements of 42 USC. § 3604(f)(3)(C).

35. Through the actions and inactions described above, the Defendants, together and separately, have:

    a. discriminated in the rental of, or otherwise made unavailable or denied, dwellings to persons because of their disabilities in violation of 42 U.S.C. § 3604(f)(1);

    b. discriminated against persons because of their disabilities in the terms, conditions or privileges of rental of a dwelling, or in the provision of services or facilities in connection with the rental of a dwelling, in violation of 42 U.S.C. § 3604(f)(2); and

    c. failed to design and construct dwellings in compliance with the requirements mandated by 42 U.S.C. § 3604(f)(3)(C) and the applicable regulations, 24 C.F.R. Part 100.205 (2008).

36. Defendants' discriminatory conduct has damaged Plaintiff.

## VII.
## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for:

a. A Declaratory Judgment that at the commencement of this action Defendants were in violation of the specific requirements of the FHA, described above, and the relevant implementing regulations of the FHA;

b. An injunction, pursuant to 42 U.S.C. § 3613(c)(l)(a), enjoining the Defendants, their officers, directors, employees, agents, successors, assigns and all other persons in active concert or participation with any of them, both temporarily during the pendency of this action, and permanently from:

1. with regard to the Property, failing or refusing to bring the covered dwelling units and the public use and common use areas into compliance with the requirements of 42 U.S.C. § 3604(f)(3)(C) and the applicable regulations; to comply with such procedures for inspection and certification of the retrofits performed as may be ordered by this Court; and to perform or allow such other acts as may be necessary to effectuate any judgment of this Court against them;

2. failing or refusing to design and construct any covered multifamily dwellings in the future in compliance with 42 U.S.C. § 3604(f)(3)(C) and the applicable regulations; and

3. failing or refusing to take such steps as will eliminate, to the fullest extent practicable, the lingering effects of the Defendants' unlawful housing practices.

    c.    An injunction enjoining the Defendants from failing or refusing to permit the survey of any of their covered properties that were designed and/or built by the Defendants and any retrofits ordered by the Court to be made at such property, to also comply with such procedures for inspection and certification of the retrofits performed as may be ordered by this Court, and to perform or allow such other acts as may be necessary to effectuate any judgment against the Defendants;

    d.    Award such damages as would fully compensate Plaintiff for his injuries incurred as a result of the Defendants' discriminatory housing practices and conduct, pursuant to 42 U.S.C. § 3613(c)(1)(a);

    e.    Award such punitive damages against the Defendants as is proper under law, pursuant to 42 U.S.C. § 3613(c)(1)(a);

    f.    Payment of costs of suit;

    g.    Payment of reasonable attorneys' fees, pursuant to 42 U.S.C. § 3613(c)(2), and other principles of law and equity; and

    h.    The provision of whatever other relief the Court deems just, equitable and appropriate.

Dated: April 26, 2017.

                    Respectfully Submitted,

                    CALHOUN & ASSOCIATES

                    */s/ Eric G. Calhoun*
                    Eric G. Calhoun
                    1595 N. Central Expressway
                    Richardson, Texas 75080
                    (214) 766-8100
                    (214) 308-1947 Fax
                    eric@ecalhounlaw.com
                    egcla@ecalhounlaw.com (Assistant)

                    Ryan Frasher
                    THE FRASHER LAW FIRM, P.C.
                    3209 W. Smith Valley Road, Suite 253
                    Greenwood, Indiana 46142
                    Telephone: (317) 300-8844
                    Facsimile: (317) 630-4824
                    rfrasher@frasherlaw.com

                    ATTORNEYS FOR PLAINTIFF